```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES GOMEZ,                                       :        MEMORANDUM DECISION
                                                   :             AND ORDER
                       Plaintiff,                  :
                                                   :
       -against-                                   :        05 Civ. 2147 (GBD)
                                                   :
THE CITY OF NEW YORK, DENNIS                       :
EASTWICK, DENNIS MUNGE, and                        :
GEORGE SANTANA, individually and in                :
their official capacity as employees of the        :
New York City Police Department,                   :
                                                   :
                       Defendants.                 :
------------------------------------------------------------x
```

GEORGE B. DANIELS, District Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the City of New York and three New York City Police Department ("NYPD") officers alleging that the defendants violated his constitutional rights and state law in connection with his arrest. Defendants move for summary judgment on all claims pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This Court referred the motion to Magistrate James C. Francis IV for a Report and Recommendation ("Report"). Magistrate Judge Francis issued a Report in which he recommended that defendants' motion be granted in part and denied in part. Magistrate Judge Francis recommended granting defendants' summary judgment motion insofar as it seeks dismissal of the plaintiff's Fourth Amendment claim with respect to the officers' initial effort to stop and question plaintiff. The Magistrate Judge recommends that the summary judgment motion be denied in all other respects.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to

which objections are made.  Id.; Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would result in a waiver of those objections and preclusion of appellate review.  Both sides filed objections to the Report.  Plaintiff objects to the Report's recommendation that plaintiff's Fourth Amendment claim, that the officers lacked any reasonable suspicion to stop and question him, be dismissed.  Defendants object to the Magistrate Judge's finding that (1) there is an issue of fact as to whether probable cause existed to take plaintiff into custody and to search plaintiff; (2) there is an issue of fact as to whether the defendant officers used excessive force; and (3) that qualified immunity is not warranted for the remaining claims. Defendants also object to the Report's recommendation that summary judgment be denied with regard to plaintiff's state law claims for assault and battery.  After reviewing the Report, and considering the objections, this Court adopts the Magistrate Judge's report and recommendation in its entirety.

The Magistrate Judge rejected plaintiff's claim that defendants' did not have reasonable suspicion necessary to stop and question him.  It is well-established that the police may "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks

2

probable cause." United States v. Solokow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)). The defendants in this case provided evidence of several facts supporting their reasonable suspicion that the plaintiff might be engaged in drug-related activity. As Magistrate Judge Francis noted, even if the officers only saw the plaintiff standing in a known drug location counting a noticeable amount of cash and holding a piece of foil similar to that used to package narcotics, they would have had sufficient cause to inquire further. The Magistrate Judge properly further concluded that even if the officers' observations would not rise to the level of reasonable suspicion of criminal activity, a reasonably competent officer might surely disagree warranting qualified immunity on this claim. Accordingly, plaintiff's Fourth Amendment claim with respect to the officers' initial effort to stop and question him should be dismissed.

Defendants' first objection is to Magistrate Judge Francis' finding that there are triable issues of fact as to whether probable cause existed to arrest and search plaintiff. Defendants maintain that the Magistrate Judge incorrectly assessed probable cause based on plaintiff's subjective beliefs and did not consider the information defendant officers possessed at the time of the arrest. There still remain disputed issues of fact as to the circumstances leading up to the arrest. Accordingly, summary judgment for the false arrest claim is not appropriate.

Defendants' second objection is to the denial of summary judgment with regard to the excessive force claim. The amount of force used by police officers must be reasonably necessary under the circumstances. See Curry v. City of Syracuse, 316 F.3d 324, 333-34 (2d Cir. 2003). Because there remain disputed questions of fact that are relevant to a determination of whether the force used by the defendants was reasonable, summary judgment on this basis is not

warranted. Id. (reversing grant of summary judgment on excessive force claim where parties' accounts of the facts differed markedly); Welch v. City of New York, No. 95 Civ. 8953, 1997 WL 436382, at 6 (S.D.N.Y. Aug. 5, 1997) (same).

Defendant's third objection is to the denial of qualified immunity. In analyzing whether an arresting officer is entitled to qualified immunity for an arrest not supported by probable cause, a court must determine whether (1) "it was objectively reasonable for the officer to believe that probable cause existed," or (2) "officers of reasonable competence could disagree on whether the probable cause test was met." Posr v. Court Officer Shield No. 207, 180 F.3d 409, 416 (2d Cir. 1999) (quoting Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)). There remain genuine issues of material fact regarding the circumstances of the arrest. Accordingly, applying qualified immunity is not appropriate for summary judgment. Additionally, qualified immunity does not apply to an intentional use of excessive force.

Defendants' fourth objection is to the denial of summary judgment with respect to plaintiff's state law claims for assault and battery. Defendants rely on United Nat'l Ins. Co. v. Waterfront N.Y. Realty, 994 F.2d 105, 108 (2d. Cir. 1993), in support of their objection, claiming that in order to sustain a claim for assault and battery plaintiff must present evidence that the officers *intended* to cause plaintiff bodily harm. The court in Waterfront wrote: "An 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact. A 'battery' is an intentional wrongful physical contact with another person without consent. Id. at 108. The defendants' characterization of Waterfront's holding is flawed. Assault merely requires an intent to place a person in fear of harmful or offensive contact. Battery only requires an intentional wrongful physical contact. Neither requires an intent to cause physical

4

injury. As Magistrate Judge Francis found, there remain disputed issues of fact relevant to a determination of whether there was a proper use of force during a lawful arrest.

Magistrate Judge Francis' Report is adopted in its entirety.

Dated: New York, New York
August 14, 2008

SO ORDERED:

*/s/ George B. Daniels*
GEORGE B. DANIELS
United States District Judge